And the next case, a tandem case, is U.S. v. Nicola and U.S. v. Yacoutour. Hi. Good afternoon, Your Honors. My name is Dan Nooter, and I represent the defendant appellant, Mr. Dennis Nicola. May it please the Court, Hobbs Act extortion is categorically not a crime of violence under the Elements Clause of 924C. And I would suggest that this should be a relatively easy inquiry, insofar as the definitions section of the Hobbs Act provides a number of ways in which Hobbs Act extortion can be carried out, including under color of law that doesn't involve the use of force at all. The government, up against the definitional section of 924C, instead takes a new approach to try to suggest that other language in the Hobbs Act regarding the use or threat of modified categorical approach. Respectfully, Your Honor, that is not the case. And I think that argument is foreclosed by the Supreme Court's decision in Scheidler v. National Organization of Women, which is case number 547 U.S. 9. Reading from page 23 of that opinion, the Supreme Court said, in addressing this very question, whether this physical violence language in the Hobbs Act actually created a separate, stand-alone, divisible section of the Hobbs Act, or whether it was only in service or a mode of doing either the extortion or the robbery aspects, the Supreme Court said, we conclude that Congress did not intend to create a freestanding physical violence offense in the Hobbs Act. It did intend to forbid acts or threats of physical violence in furtherance of a plan or purpose to engage in what the statute refers to as robbery or extortion and related attempts or conspiracies. Earlier on page 17 of that same opinion, the Supreme Court noted that it's only the interpretation of that language that ties the violence to robbery or extortion that is the correct interpretation. So just as a threshold matter, we would say that in applying the modified categorical approach, there is Hobbs Act extortion, there is Hobbs Act robbery, and, of course, the inchoate versions of those. But there is not this Hobbs Act threats theory that the government is trying to present in its brief to get around the adverse law in the definitional section. Sotomayor, didn't we hold in the Dervish-Ash case that the Hobbs Act defense involved in that case, which was whoever threatens physical violence to any person or property in furtherance of a plan or purpose to violate this section, comes within the Elements Clause? Well, again, I think what the – well, if you want, I can – I'm absolutely prepared to also address whether this Court is going to view that as a separate divisible interpretation of the Hobbs Act, but again, I think that – I think that under the Supreme Court's controlling opinion on that, that this is a means, and again, under United States v. Mathis, that the threats of physical violence are a means for having either robbery or extortion, but is not a separate standalone issue. But even if it were a separate standalone issue, Your Honor, the plain language shows that it is broader than what 924C requires. 924C requires the use or attempted or threatened use of physical force, violent physical force under Johnson, against the person or property of another. The Hobbs Act, in question, in contrast, does not have this of another restriction. It says that any person, any property, if it is the target of the threat of violent force – It could be self. And in fact, if you look at a number of – well, there are a number of cases in which this comes up, not many that are prosecuted at this point, but you may see more of it, especially when you look at domestic violence situations, situations where you have a manipulative or abusive partner who threatens to kill themselves unless their partner will do something that they require for them. You know, you also encounter it potentially in, for example, environmental activism, terrorism cases where people chain themselves to a redwood tree so that, you know, in order to obstruct the economic use of logging the tree or whatever, they're not threatening the threat involved. The harm involved is not harm to another person. It's harm to themselves that they're doing to obstruct commerce. I would also note, I think, that the case that my colleague has the courage to attempt to pronounce, Derbyshire, is a summary order of the court and not an opinion, and therefore, to some extent, which is becoming harder and harder to determine, but to some extent, it's not binding on me. Well, and again, that would be a reason to distinguish it as well. Just to point out a twist. Isn't that case tied to this case and part of the same alleged group of activities? I believe, Your Honor, I would have to look at it. I don't want to misstate anything, but certainly the intervening decisions in Davis and just the separate arguments that have been made, I don't think my client can be bound by arguments that are and choices, litigation choices that another attorney is making or not making in terms of issues and arguments that they're trying to raise in this case. Mr. Nutter, help me understand one particular paragraph in your brief. At page 26.3, you write as follows. Finally, Mr. Nicola raises, in part simply to preserve, the argument that his conviction under 924C should be reversed because the Substantive Hobbs Act extortion conviction in Count 8 is not properly deemed a crime of violence under the Supreme Court's opinions in Johnson 1, 2010, and Johnson 2, 2015. Now, what am I to make of this statement that you're simply raising this argument to preserve it? Because, as you know, Your Honor, I filed this brief on the beginning of March 2018, and at that time, the binding precedent of this court in Hill, as I go on to explain, foreclosed that. I was trying to explain that I was not making a frivolous argument because I had a good I'd like to say by the continuing development of the law, including and particularly in Davis. Thank you, Your Honor. Thank you very much. Good afternoon, Your Honors, and may it please the Court. My name is Nadia Shahata, and I'm an assistant United States attorney in the Eastern District of New York. The government respectfully submits that the judgment against the appellant, Dennis Nicola, should be affirmed. The crime charged in Count 7 of the third superseding indictment, threatening physical violence to John Doe No. 2 in furtherance of a plan to extort John Doe No. 2, is categorically a crime of violence under Section 924C's elements clause. Indeed, a panel of this court considered this issue and held that the exact same count of conviction with respect to co-defendant Rednell Derbyshire was affirmed in a summary order issued on September 18th, 2019. And I would note that the court, the other panel, reached that decision following Davis. We ask that this court What is the significance of any of the fact that it was a summary order? It is, as a summary order, it does not have precedential effect. However, we believe How are you using it as precedent? Well, I think in this case, we think its reasoning is sound, and it's particularly illustrative because it's not just another case where a similar charge has been found to be valid, but it is, in fact, the co-defendant charged with the exact same crime in the exact same case. And so I think the court can and should consider that. Well, does it, I mean, the fact that it's not precedent and the fact that it's a summary order rather than a published opinion, does that mean that we're free to decide like cases, indeed identical cases, in different, in different manner? When you say it's not precedent, perhaps means that, that every statement in it isn't deemed binding, binding precedent. But are we free to decide like cases in different manner just because we decide one by a summary order? I mean, if I decide one case one way on Wednesday, can I decide an identical case differently on Tuesday because, just because one of them is a summary order? The government, we'd certainly argue here that the court should not do that, and that despite not being binding precedent, there should be a really good reason to find differently in the exact same case, the exact same charge, the exact same facts. What are we to make about the difference in the language between property of a, what is it, any person or property of another person? It certainly was not addressed in the summary order or the semi-binding opinion, whatever it is. Sure. So what do you make of the difference? Yes, Your Honor. There are two points I'd like to make in response to that question. First, as this Court held in United States v. Hill, the appellant has to do more than present hypothetical examples of what could possibly happen. It must point to either his own case or some other case where the statute had been in fact applied in the manner suggested in the hypothetical. He has not done that here. And I would note that the fact that someday somebody might say, I'm going to kill myself unless you do this, is something we ought not to entertain that argument. I think under Hill, that's correct, Your Honor, that a hypothetical like that should not be entertained. And I would also note that the Hobbs Act has been in existence. It was enacted in 1964. So there has certainly been plenty of time to see it in practice. Secondly, I would note that the definition of Hobbs Act robbery, which was at issue in United States v. Hill, when you look at the full definition of robbery under the hypothetical advanced by the appellant in this case, in 18 U.S.C. section 1951b1, states as follows. The term robbery means the unlawful taking or obtaining of personal property from the person or in the presence of another against his will by means of actual or threatened force or violence or fear of injury, immediate or future, to his person or property. But then it goes on to state, or of anyone in his company at the time of the taking or obtaining. So, or of anyone in the victim's company at the time of the taking or obtaining. So certainly the same hypothetical, if the court were to follow that line of thinking, could apply to Hobbs Act robbery, which would certainly undermine the court's unless the court has any further questions. Yes. I suppose as a practical bureaucratic or administrative matter, you would expect us to, or you would prefer that we issue a presidential opinion in your favor in Nicola, so you don't encounter this inquiry about summary orders again. Yes, Your Honor. Thank you. If I can briefly respond to some of the issues, especially the so-called Hill issue, which was really an application of the Supreme Court's language in Moncrief and in Duenes-Olivares, which really primarily concerned the problem of interpreting state statutes in conjunction with generic language under federal law. One important reason why this, the Hobbs Act is different is that it is a federal statute, which unlike in this robbery situation that my friend for the government was stating, is language that can be changed by Congress whenever they want to conform it without this court having to essentially rewrite the statute to artificially limit it in order to make it conform. And I think in terms of the idea that the Hobbs Act has been around since 1964, as the government noted, that's true. But in 1964, the Hobbs Act was never being used at all to be prosecuting the kinds of things that it prosecutes now. For example, the notion that the robbery of a drug dealer is the kind of obstruction of commerce that it's now done. Back in the 1960s and when it was enacted, this was all about labor racketeering, all the cases, and that was the intent of the Hobbs Act. Now, almost no Hobbs Act cases are about labor racketeering. Now they're about an entirely different set. And under the broad language of the Hobbs Act, it's likely impossible that in 20 years the U.S. Attorney's Office will have different enforcement and prosecution priorities, and the decision in this Court today should not be limiting those future priorities. Again, especially in light of the Supreme Court's statement in Styrone v. United States, 361 U.S. 212. Scalia. I think Congress can do it just from me. You mean they can change it to say any other person? Is that what we're talking about? They can change the statute to say any other person? Is that the language we're talking about? Well, what I'm saying is if — what I'm saying is that for 60 years of jurisprudence since the 1960 opinion in Styrone, the Supreme Court and most lower courts have interpreted and construed the Hobbs Act in the broadest possible sense. Styrone says the Hobbs Act speaks in broad language manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce in any way and degree. So if now Congress decided, oh, well, maybe we wrote this a little bit more broadly than we really intended because of 924C, they could change that. A little bit more broadly in what way? Well, by suggesting that self-harm, for example, is — Are you talking about — I got that. Yeah. Are you talking about anything else in the statute that Congress could fix? You know, if they met with — Yeah. Well, they could just make — if they wanted to, they could conform the language of the Hobbs Act to the language of the Elements Clause in 924C and therefore could make it absolutely clear and unambiguous whether they intended to have 924C apply to any of these subsections. But it should not be for this Court to rewrite the Hobbs Act to accomplish that. Thank you. If no further questions, Your Honor. How do you respond to the government's argument that you expressly waived on the record a Section 924C challenge with respect to Count 7 of the third superseding indictment? Well, I think that — I mean, that is — Count 7 is the claim that we're raising here. Exactly. I'm asking you how you respond to the government's argument that there was an express waiver. Well, I think the way I respond to it is, as I responded to the reply brief, that under this Court's jurisprudence, that needs to be shown to be a tactical decision in which a party is gaining a specific tangible benefit and, therefore, trying to essentially have their cake and eat it, too, by taking a specific litigation position and then later taking a specifically adverse litigation position. And there's absolutely nothing in this record to suggest that the failure of the attorney in the district court — I don't know what was in his mind because I wasn't the attorney — why he didn't preserve this. Maybe — well, I was asked the question when I was first up here about the language about why I was saying I was specifically preserving it. Some attorneys don't specifically preserve these things, and then it ends up being a problem in certain ways. But it doesn't seem at all that this was in any way an intentional decision to abandon this question. It was an oversight. And if this were found against my client, I believe, it would almost certainly just result in him filing a 2255 in the district court, which would just add to more litigation rather than less. So it would not even be in the interests of the waiver rule, Your Honor. Thanks very much. Okay. Thank you, Your Honor.